UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL L. JONES,**

       **Plaintiff,**

v.                                                     Case No: 6:22-cv-503-GAP-DCI

**WASTE PRO USA, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Approval of Offer of Judgment (Doc. 16)** |
| **FILED:** | **May 11, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    Background**

Plaintiff initiated this case against Defendant under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified. Doc. 1. Plaintiff has filed a Notice of Acceptance of Defendant's Offer of Judgment (the Offer of Judgment). Doc. 14. Pending before the Court is the Parties' Joint Brief in Support of Approval of Offer of Judgment, which is construed as a motion. Doc. 16 (the Motion). In the Motion, the parties assert that the amount offered and accepted through the Offer of Judgment is a compromise; the $1,000.00 accepted represents about 120% of Plaintiff's claimed wages and the Offer of Judgment—in essence—includes a limited release of any wage claims Plaintiff could have

brought in this action.  In addition, in response to an Order, the parties disclosed that they did not enter into any other agreement—just Plaintiff's acceptance of the Offer of Judgment.  Docs. 17, 18.

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id.* at 1353-55.  In so doing, the Court should consider the following nonexclusive factors:

- the existence of collusion behind the settlement.
- the complexity, expense, and likely duration of the litigation.
- the state of the proceedings and the amount of discovery completed.
- the probability of plaintiff's success on the merits.
- the range of possible recovery.
- the opinions of counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  In addition, the Court must consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's

attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. There is a strong presumption in favor of settlement, but the Eleventh Circuit explains that the "FLSA's provisions are mandatory; thus, the provisions are not subject to negotiation or bargaining between the employers and employees." *Id*. at 1352.

Relevant here, "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hosps. E., LLC*, 276 F.Supp.2d 1211, 1216 (M.D. Fla. 2003). Even so, the acceptance of a Rule 68 offer of judgment in an FLSA case does not relieve the Court of its obligation of make the *Lynn's Food* finding. *See Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1240 (M.D. Fla. Apr. 19, 2010) ("To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for 'full compensation' or an offer of judgment) involves a 'compromise,' and *Lynn's Food* requires judicial approval of the compromise.").

### III. Analysis

#### A. The Offer of Judgment Amount

The parties assert that the acceptance of the Offer of Judgment reflects a reasonable resolution of the disputed issues in this case, as well as a compromise considering the costs and uncertainty of litigation. Doc. 16. Specifically, the parties dispute whether: (1) Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate; (2) Plaintiff was correctly paid wages; and (3) liquidated damages should be imposed against Defendant. *Id*. at 4. Defendant disputes that the annual bonuses were non-discretionary and argues that the bonuses

were discretionary in nature. *Id*. at 2. Defendant contends that it paid Plaintiff in accordance with the FLSA and acted in good faith such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims. *Id*. at 2-3.

The parties state that prior to accepting the offer of judgment, Plaintiff was able to review time and pay records and testimony from the decertified collective action along with other evidence discovered during that action, which "provides further support for the reasonableness of resolution." *Id*. at 5. The parties explain that Plaintiff is aware that should litigation proceed, recovery might be greater or less and Plaintiff wishes to resolve the case to avoid the uncertainties of litigation. *Id*.

Upon Defendant's offer, Plaintiff has accepted judgment in the amount of $1,000.00 for all claims asserted in the Complaint, exclusive of attorney fees and costs. Doc. 14. The parties state that "in essence" Plaintiff is receiving approximately 100% of the claimed wages and "approximately 20% of what would be attributed as liquated damages in this matter." Doc. 21 at 6.

Because these representations adequately explain the nature of the compromise of Plaintiff's wage claim, the undersigned **RECOMMENDS** that the Court find the amount of the compromise reasonable and Plaintiff's acceptance of the Offer of Judgment to be a fair and reasonable resolution of Plaintiff's claim.

### B. Other Terms of the Resolution

The Offer of Judgment states as follows:

> This Offer is made to resolve all wage and overtime claims that have been or may be asserted by Plaintiff in this action arising out of the incident or incidents that gave rise to the Complaint, including claims for compensatory, punitive, consequential and/or liquidated damages, and any other form of legal or equitable relief that Plaintiff is demanding, or that Plaintiff could demand, regardless of merit or entitlement, exclusive of attorneys' fees and costs.

Doc. 14-1 at 1.

> The parties have also jointly notified the Court that:
>
> There is no other agreement that has been entered into that has not been disclosed to the Court and (a) is in any way related to this action or (b) otherwise contains a release extending beyond the FLSA claim in this action, contains a confidentiality provision, or contains a non-disparagement provision.

Doc. 18 at 1.

Because the release in the Offer of Judgment is limited and there is no other agreement, the undersigned finds that the release does not affect the reasonableness of the parties' compromise. *See Hollis v. Petry*, 2019 WL 11499491, at *3 (M.D. Fla. Oct. 9, 2019) (approving release in FLSA settlement agreement limited to "any and all known or unknown wage and hour and wage/pay-related claims, demands, actions, or causes of action arising or accruing on or before the date of Plaintiff's execution of this Agreement, including those brought or which could have been brought under the FLSA in the Lawsuit or under any other federal, state, or local laws or ordinances, or common law. . ..") *report and recommendation adopted*, 2019 WL 11499490 (M.D. Fla. Oct. 28, 2019).

As such, the undersigned **RECOMMENDS** that the Court find that the terms of the Offer of Judgment do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

According to the Motion, the amount set forth in the Offer of Judgment does not include attorney fees and costs and as there is currently no agreement between the parties concerning attorney fees and costs. As such, Plaintiff's counsel intends to seek attorney fees and costs pursuant to the FLSA by making an application to the Court following entry of judgment pursuant to the Local Rules of this Court. Doc. 16 at 5. The undersigned finds that this proposed procedure

is permitted and **RECOMMENDS** that the Court find that the issue of fees and costs does not affect the reasonableness of Plaintiff's acceptance of the Offer of Judgment.

However, the undersigned encourages the parties to confer concerning the issue of fees and costs and to come to an agreement concerning that matter—such conferral is, in fact, required by Local Rule 3.01(g) and must occur in person, by videoconference, or by telephone.  Because the Offer of Judgment did not include any attorney fees or costs, any subsequent agreement concerning attorney fees and costs would necessarily be made separately and without regard to the amount paid to settle Plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Thus, the undersigned finds that if the parties do come to a later agreement concerning attorney fees and costs, they need not make an application to this Court to approve that agreement or otherwise consider it in light of *Lynn's Food*.

### IV.     Conclusion

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. 16);
2. **APPROVE** Plaintiff's acceptance of Defendant's Offer of Judgment and **DISMISS** the case with prejudice;
3. direct the Clerk of Court to **CLOSE** the file; and
4. find that any motion for attorney fees and costs is unnecessary if the parties reach an agreement on that issue.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

      Recommended in Orlando, Florida on July 13, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy